**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMSTER HAMPTON, | No. 09-16031 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00550-ALA |
| v. | |
| MICHAEL S. EVANS, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Arthur L. Alarcón, Circuit Judge, Presiding

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

California state prisoner Armster Hampton appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Hampton contends that his trial counsel was ineffective for failing to accurately advise him of his maximum sentence exposure. He contends further that his counsel's failure to recommend that he accept a plea offer of eight years provided the prosecution the opportunity to amend the charges to include a previous felony.

The district court did not commit clear error when, after conducting an evidentiary hearing, it found that Hampton failed to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Nunes v. Mueller*, 350 F.3d 1045, 1053 (9th Cir. 2003) (recognizing the right to effective assistance of counsel during plea negotiations). Further, the state court's rejection of this claim was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

As Hampton concedes, because the trial court properly relied on at least one validly found factor in imposing his upper-term sentence, he is not entitled to relief in his *Cunningham* claim. *See Butler v. Curry*, 528 F.3d 624, 648-49 (9th Cir. 2008).

**AFFIRMED.**